■ BETTY ALCALAY, Respondent, v GRENLO REALTY CORPORATION, Appellant.—Order, Supreme Court, New York County, entered July 24, 1974, granting plaintiff's motion for summary judgment, with resulting judgment entered July 30, 1974, in the amount of $18,290, unanimously reversed, on the law, the motion denied and the judgment vacated. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff is the alleged holder of a promissory note made by the defendant corporation payable to plaintiff's mother who is also the mother of defendant's principal shareholder, plaintiff's brother. Recovery is sought for the full value of the note plus interest from January 1, 1971. Defendant contends that plaintiff's mother and not plaintiff is the true holder of the note. It appears that the mother sued plaintiff in the United States District Court for the Southern District of Florida in 1971 to recover property allegedly taken by the latter. A stipulation of settlement having been entered into, the Florida court dismissed the mother's action pursuant to the stipulation, retaining jurisdiction solely for the purpose of insuring compliance with the settlement agreement. Defendant, it further appears, made interest payments in accordance with the terms of the note sued upon herein, to the mother through June 23, 1973. After plaintiff instituted this action in 1973 and after plaintiff's mother was adjudged an incompetent, the mother's guardian petitioned the Federal court in the Florida action to require plaintiff to restore the said note to the mother's custodial account on the theory that the note, though not specified in the settlement agreement, was intended to be included. The application was denied with prejudice on October 1, 1973. In granting plaintiff summary judgment in this action, the Supreme Court held that "the Florida action palpably disposed of all disputes as between plaintiff and her mother with respect to the mother's property allegedly taken by plaintiff". Scrutiny of the record discloses the following: the complaint does not divulge the date on which plaintiff became the assignee of her mother's note nor the date when she notified the defendant of the alleged assignment, the defendant was not a party to the Florida action, the mother has been declared incompetent and the Florida stipulation of settlement is silent in regard to the note at issue herein. Under these circumstances, it was incumbent upon plaintiff to establish by a sufficient evidentiary showing that she is the proper holder of the note. Plaintiff has failed to make such showing. Defendant has justifiably demanded that plaintiff be

put to her proof in view of the fact that the mother is now incompetent and the plaintiff is the only party with knowledge of the facts regarding the alleged assignment of the note. The determination of the Florida court on the petition of the mother's guardian to have plaintiff return the note as being within the terms of the stipulation of settlement does not foreclose · inquiry under all the circumstances herein as to plaintiff's status as holder of the note. In any event, assuming that such inquiry was foreclosed, the award of interest from January 1, 1971, is improper because plaintiff never established that she notified defendant of the assignment prior to the commencement of this action and that the interest payments made to her mother through June, 1973, were made to the wrong party. Concur—Stevens, J. P., Markewich, Lupiano, Capozzoli and Nunez, JJ.